IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID DAWAYNE PINES, SR., | CV 22-047-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| MIKE LINDER, ET AL., | |
| Defendants. | |

Plaintiff David Dawayne Pines, Sr. ("Pines") filed a Complaint alleging Defendants are interfering with his access to the courts. (Doc. 2). U.S. Magistrate Judge Timothy Cavan prescreened the Complaint and determined that it failed to state a claim upon which relief could be granted but allowed Pines to attempt to amend. (Doc. 7.) Pines filed his Amended Complaint on July 7, 2022. The Court has reviewed the Amended Complaint and determined that it too fails to state a claim.

## I. BACKGROUND

Pines is a state prisoner, currently incarcerated at the Missoula Assessment and Sanctions Center. His Amended Complaint names Commander Valdez, Sgt. Jamieson, Lieutenant Metzger, Sgt. Goodyear, Sgt. Leonard, and Sgt. Miller at Yellowstone County Detention Center. (Doc. 10 at 3.) Pines alleges Defendants violated his rights by denying him access to an adequate law library, and by

1

depriving him of legal copies, pen and paper, and copies of the Montana and U.S. Constitutions. (Doc. 10 at 7.) Specifically, Pines alleges that he was denied the ability to file a petition for habeas corpus related to the length of his detention and a 42 U.S.C.§ 1983 action against the Montana Public Defender's Office. (Doc. 10 at 8.)

## II. ANALYSIS

The Court must review Pines' Complaint under 28 U.S.C. §§ 1915, 1915A to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Pines alleges an access to the courts claim. Judge Cavan's screening order explained in detail the requirements of such a claim and the infirmities with Pines' original Complaint. (Doc. 7.) Supreme Court precedent requires only provision of the tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-5 (1996).

As in his original Complaint, Pines' Amended Complaint states that he was thwarted in his ability to file a habeas petition and a 42 U.S.C. § 1983 claim, both of which would fall within the categories of claims the right of access covers.

(Doc. 10 at 18 - 23.) The Court advised Pines that, in an amended complaint, he must make clear whether he could still file his habeas petition or his § 1983 claim, but for his current difficulties. (Doc. 7 at 5 - 6.) Though Pines has added detail to his claims, he has not responded to this request and continues to suggest that he has been prevented from filing his habeas petition. However, the Court takes judicial notice of the docket of the Montana Supreme Court, which reveals that Pines successfully filed a state petition for habeas corpus, from Yellowstone County Jail, on August 13, 2021. *See Pines v. Lt. Valdez*, 2021 WL 3879348 (Aug. 31, 2021) (Montana Supreme Court order denying Pines' habeas petition regarding his sentence based on the same arguments made in his Amended Complaint.) Pines' description in his Amended Complaint of the petition he would like to file sounds very much like the one he already filed, that the Montana Supreme Court ruled on a few months before. Compare Doc. 10 at 18 – 19 with the *Pines v. Valdez* order and Pines' petition, available at https://supremecourtdocket.mt.gov/.

Pines refers now to not receiving a copy of his final judgment and commitment until December 29, 2021, which is the point after which he claims his rights were infringed. (Doc. 10 at 17.) However, the arguments he intends to make appear identical to those he already made. Setting aside the fact that if Pines presents the same arguments to the Supreme Court a second time, his petition will likely be summarily dismissed, there is no obstacle to Pines going ahead and filing

3

another petition for habeas. The action remains available to him, if futile. While he contends that he needs a pen or copies or legal resources that he does not have, his prior action, in August 2021, was filed under the same circumstances and received full consideration from the Montana Supreme Court. There is no reason to believe that the conduct complained of in this Complaint has caused him to lose an opportunity to file another habeas petition.

In the alternative, Pines is time-barred from filing a habeas petition in federal court on the same claims related to his sentence, the statute of limitations long having expired. 28 U.S.C. § 2254. Therefore, Pines' claim for denial of access to the courts related to a potential federal habeas petition is unavailing.

Finally, if Pines intends to file a § 1983 suit against the Billings Public Defenders, that action is still available to him. Without concluding anything regarding the merits of such claim, that claim arose at the same time, roughly, as Pines filed this lawsuit. (Doc. 10 at 19 – 20.) Pines contends that his defender did not contact him and left him without representation on pending charges, and then finally got the matter dismissed, though belatedly. The statute of limitations on that claim has not run, and Pines may still file such a claim if he intends to. Nothing about the lack of pens (since this instant suit was filed in pencil), copies, or lack of case law would have prevented him filing such an action. The Court notes, as well, that Pines is no longer incarcerated at YCDF. Pines has not

established that he has lost an opportunity to file a § 1983 action because of the conduct of Defendants.

Pines has failed to establish that he has suffered an actual injury. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation and internal quotation marks omitted). Pines has been able to file his instant lawsuit, so his claim that he has been injured by an inability to file another § 1983 claim that he intends to file rings hollow. Further, Pines has failed to credibly allege that he has a viable petition for habeas corpus that he has been prevented from filing.

Finally, Pines is no longer incarcerated at YCDF and has no current interaction with the named defendants. Any claim for injunctive relief to get his conditions changed there is no longer available to him. Without any allegations that would give rise to a damages claim, Pines' Amended Complaint fails to state a claim for federal relief.

## III. CONCLUSION

Based on the foregoing and the analysis in the prior screening order, the Court enters the following:

### ORDER

1. Pines' Amended Complaint is DISMISSED for failure to state a

cognizable federal claim. This dismissal counts as a strike against Pines under 28 U.S.C. § 1915(g).

2.    The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 31st day of October, 2022.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge